THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL VENZIO, PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

On error to the Supreme Court, in which the following opinion was filed:

PER CURIAM.

The defendant was indicted, tried and convicted for sending a threatening letter demanding money, with menaces, and without probable cause. The plaintiff in error devotes a considerable portion of his brief to the examination of certain exceptions upon which no error was assigned. There was a general exception to the charge, but no specification of the causes in the record relied upon for relief or reversal, so the only errors that we can consider now are those which have been assigned.

The first five assignments of error challenge different portions of the charge of the court to the jury. The first is that the court charged as follows: "The main question is, was that letter written by the defendant?" and the point made is that under the statute the question is not who wrote the letter

but who sent or mailed the letter. But a reading of the whole charge shows that the jury was instructed that the mailing was an essential part of the offence. The case discloses that the defendant denied the writing of the letter and testified that it was written by another person, so, of course, it was a principal question for the jury to decide whether the defendant did write the letter.

The second assignment questions the legality of this statement by the court: "The state insists that the defendant, by his admissions, voluntarily made, has acknowledged that he wrote the letter. If he did make such admissions, if you believe that such admissions were made by him, that is the strongest kind of evidence against him." This was simply a statement of what the state claimed, and, manifestly, if the defendant made such admissions, they were the strongest kind of evidence against him.

The third, fourth and fifth assignments all relate to so much of the charge as directs the attention of the jury to the question of fact whether the defendant wrote the letter, and as the writing of the letter tended to connect the defendant with it, the submission of that question to the jury was not only proper but necessary.

The sixth assignment is rested upon the refusal of the court to charge, "The jury must believe that the defendant sent the letter before they can convict him." I think that the judge did charge that when he said: "You are to give all the testimony fair and careful consideration. If such consideration leads you, as reasonable men, to the conclusion that the defendant sent this letter, he should be found guilty as charged in the indictment; if you are not so satisfied, your verdict should be not guilty"—that is, if the jury were not satisfied that the defendant sent the letter, then he should be acquitted, and this is a substantial compliance with the request.

The rest of the assignments of error all bear on the same question, namely, whether the defendant sent or delivered the letter, and the requests to charge presented that question in different forms. Two of them, the seventh and eighth, asked

the court to charge that there was no evidence that the defendant sent or delivered the letter, but as there was evidence from which it might be inferred that he did so the court would not have been justified in charging what amounted to a direction to acquit for lack of evidence.

Two other matters appear in the brief, one that the judge failed to call the attention of the jury to the fact that evidence of good character had been introduced on behalf of the defendant. There is no assignment of error to raise this question. The court did charge the jury that the defendant had offered evidence of his good character as to peace and quietness, and directed the jury that it was competent evidence, and to be considered in making up their verdict

The other point is also subject to the objection that there is no assignment of error to support it, still, if we consider it, there is no error in what the court said on the question of reasonable doubt. The defendant urges that he should have charged that if the evidence left doubt in the minds of the jury, whether the defendant was guilty of the precise crime charged, then they should acquit him, and that the court should also have charged that it is not necessary that the jury should be so convinced of the defendant's guilt by the evidence that there can be no possibility of his innocence. What the court did say was: "You are to be satisfied of the guilt of the defendant beyond a reasonable doubt—that is, such doubt as reasonable men, under the sanctity of their oaths, carefully considering all the testimony produced, may have. If, after such consideration, you have a reasonable doubt—not any doubt, but a real, substantial doubt—then the defendant cannot be convicted."

We think that this charge was not injurious to the defendant, and finding no error in any of the matters assigned, the judgment should be affirmed.

For the plaintiff in error, *William R. Wilson.*

For the defendant in error, *C. Addison Swift.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ.   10.

*For reversal*—None.